```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


BRENNAN R. TRASS,

                         Plaintiff,

            v.                                CASE NO. 18-3026-SAC

TRISH ROSE, et al.,

                         Defendants.
```

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because plaintiff has not submitted the certified financial statement required by statute, the Court will direct him to provide

that information.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The defendants in this action are the state district court judge and assistant district attorney in plaintiff's pending state criminal action. Plaintiff claims the judge erred in granting a motion in limine filed by the assistant district attorney. He seeks an injunction and a temporary restraining order in the state criminal case.

Plaintiff correctly recognizes that both defendants are shielded

by immunity. A district court judge is "absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994), cert. denied, 513 U.S. 832 (1994)(quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Likewise, a prosecutor is shielded by absolute prosecutorial immunity for his actions taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State". *McCormick v. City of Lawrence, Kan.*, 99 Fed.Appx. 169, 172 (10th Cir. 2004)(citing *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)(quotation omitted). The action here, presenting a motion in limine to the court, falls squarely within the scope of prosecutorial immunity.

Likewise, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), ordinarily prohibits a federal court from interfering in an ongoing state court proceeding. Under *Younger*, abstention is required where (1) there is an ongoing state court proceeding; (2) the state court provides an adequate forum to hear the claims presented in the federal complaint; and (3) the state proceedings implicate important state interests, that is, "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)(quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). These conditions are met in the present case, as plaintiff's criminal case is proceeding, the state courts provide him with an adequate forum, and a state prosecution implicates important state interests in enforcing criminal laws.

Because the named defendants are protected from suit by absolute

immunities, and because abstention is warranted under *Younger v. Harris*, the Court directs plaintiff to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before March 9, 2018, plaintiff shall submit a certified financial statement showing the balance and deposit information for his institutional financial account.

IT IS FURTHER ORDERED that on or before March 9, 2018, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 9th day of February, 2018, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge