IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENNAN R. TRASS,**

                **Plaintiff,**

    v.                                          CASE NO. 18-3026-SAC

**TRISH ROSE and THOMAS STANTON,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. §1983. Plaintiff, a pretrial detainee, proceeds pro se and submitted the filing fee in installments.

On February 9, 2018, the Court issued a Notice and Order to Show Cause (NOSC) directing plaintiff to show cause why this matter should not be dismissed. The NOSC cited the judicial immunity that shields defendant Rose, a state district court judge, and the prosecutorial immunity that protects defendant Stanton, an assistant district attorney.

Plaintiff filed a timely response which incorporates an amended complaint.

The response and amended complaint allege the defendants have denied plaintiff a speedy trial, that the defendant judge no longer has jurisdiction in the plaintiff's state criminal case, that the defendants conspired to falsify the records to change the scheduled trial date, and that defendants violated plaintiff's rights by not allowing him to be present at some of the continuance hearings.[1]

---

[1] Plaintiff also alleges that defense counsel violated his rights by requesting continuances through e-mail exchanges with the defendants, although he does not name defense counsel as a defendant.

**Discussion**

A judge is absolutely immune from a civil rights suit based on actions taken in a judicial capacity, unless the judge acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). This immunity "is not overcome by allegations of bad faith or malice," *id*., but is available only where a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).

A prosecutor is entitled to absolute immunity for conduct that is "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This conduct includes action taken "in initiating a prosecution and in presenting the State's case" and may involve action "preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id*. at 431 n.33.

However, where a prosecutor is acting as an administrator or in an investigatory role, the prosecutor is entitled only to qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). To determine whether a prosecutor is entitled to absolute immunity against a claim, a court must examine "'the nature of the function performed, not the identity of the actor who performed it.'" *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)(quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

In this case, the Court concludes the plaintiff's claims are barred by the defendants' immunities.

Plaintiff's claims against the defendant district judge do not suggest any act that was taken beyond her jurisdiction. Plaintiff's claims appear to arise from the judge's ruling on a motion in limine,

an act clearly within the judicial role, while his claims against both defendants likewise involve both prosecutorial and judicial activity, which are protected by absolute immunities. Plaintiff identifies no actions by the prosecutor that appear to be investigatory or otherwise outside the advocacy role.

Likewise, plaintiff's bare allegation of a conspiracy between the defendants to alter the record is not factually supported. The portion of the March 4, 2016, transcript plaintiff submits shows a discussion to address a continuance sought by the plaintiff's counsel and a trial setting of May 24 (Doc. #6, p. 17); on the same day, however, defendant Rose entered an order of continuance which moved the trial date to June 14, 2016 (*id.*, p. 18). This discrepancy does not persuade the Court of a conspiracy. The docket sheet provided by plaintiff contains a minutes entry dated March 15, 2016, continuing the trial from March 22, 2016, to June 14, 2016. No objection to that date appears on the docket. On May 26, 2016, counsel for plaintiff moved for an additional continuance, which was granted (*id.*, p. 11). While this sequence of events suggests some difficulty is scheduling a time for trial, it does not suggest a conspiracy or malfeasance by the defendants. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(where allegations in a complaint are "so general that they encompass a wide swath of conduct, much of it innocent", the plaintiff has not presented claims that are plausible).

Finally, to the extent plaintiff asks this Court to enter an injunction and a temporary restraining order in the state criminal case, his claim sounds in mandamus. However, a federal court has no authority to issue a writ of mandamus "to 'direct state courts or their judicial officers in the performance of their duties.'" *Van Sickle*

*v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986)(quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)).

In the alternative, if this matter were liberally construed as a pretrial habeas corpus action under 28 U.S.C. § 2241, plaintiff would not be entitled to relief, as he first must exhaust state court remedies by presenting his federal claim to the state courts, including the state appellate courts, before seeking federal habeas corpus relief. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)(recognizing that case law directs federal courts to abstain if the issues presented in a habeas corpus action could be presented through state procedures available to the prisoner).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. #3) is granted. The Court notes that plaintiff has paid the full filing fee in installments.

**IT IS SO ORDERED.**

DATED:  This 20th day of March, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge